————o————

No. 6810.

## N. O. NELSON v. PHILIP G. VEITH ET AL.

### Syllabus.

Knowledge of agent is knowledge of principal.

A stakeholder owes no costs after the date of his deposit in Court of the money in his hands.

Appeal from the Civil District Court, Parish of Orleans, No. 112,563, Division "C"; Honorable E. K. Skinner, Judge. Amended and affirmed.

Theodore Cotonio, for plaintiff and appellant.

A. D. Danziger and F. G. Veith, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

98

This is a suit for the recovery of earnest money, and the double thereof, and other damages resulting from the failure of the vendor to tender a good title.

Petitioner alleges that Ramsey and Danziger, real estate agents, solicited petitioner to purchase a certain lot of ground; that petitioner made an offer of $900 for the same, which was accepted by Philip G. Veith; that thereupon petitioner deposited with said Ramsey & Danziger $90 in accordance with a written agreement; that having examined said title he found the same to be worthless, and that the said Veith was not the owner of the lot; that in consequence of the illegal acts of Ramsey & Danziger and of Veith they owe him *in solido* the following amounts:

| | |
|---|---|
| Earnest money deposited | $90.00 |
| Damages fixed by law | 90.00 |
| Cost of certificates | 15.35 |
| Cost of examining title | 15.00 |
| Attorney's fees for recovery of deposit | 50.00 |
| Damages in having to purchase another property to be used as a bakery | 640.00 |
| Total | $900.35 |

Defendants filed exceptions of misjoinder of parties defendants, and of no cause of action, which were overruled.

Philip G. Veith for answer admitted that he had accepted plaintiff's offer to purchase the property, but averred "that he did so as agent of the owners", and that he was not the owner and never pretended to be, but that the owners were the heirs of Michael Joyce; that Ramsey & Danziger interviewed John Joyce, one of the heirs, who told him that the heirs had put the property in charge of Philip G. Veith as their agent; that when the said Veith accepted plaintiff's offer Ramsey & Danziger knew that

99

Veith was acting as the agent of the heirs of Michael Joyce; that Ramsey & Danziger were the agents of plaintiff Nelson; that Emmanuel L. Weil, who examined the title as the attorney at law of plaintiff Nelson, knew that the heirs of Michael Joyce claimed ownership of the property and that Veith was acting only as their agent; that in his, Veith's, dealings with Ramsey & Danziger it was well understood that the heirs of Joyce should have ample opportunity to correct the defects in their title, and they proceeded to do so; that the said Weil thwarted them in their efforts, by attempting to purchase an outstanding tax title held by the company in which Nelson's attorney is interested.

Ramsey & Danziger admitted having obtained the signatures to the agreement of sale; and in order not to incur liability for future costs, they deposited $90 in Court as stakeholders.

Thereupon plaintiff took a rule against all defendants to have the Clerk pay him the amount deposited. The rule was dismissed.

The agreement of sale is in these words:

> "Office of Ramsey & Danziger, Auctioneers, Real Estate and Renting Agents, 341 Carondelet Street.
>
> "New Orleans, La., Feby. 11, 1915.
>
> "I hereby offer you nine hundred dollars for the vacant lot property situated on Saratoga street, between Clio and Erato streets, bounded by Rampart street, measurements per titles—being lot situated between property of Salas and Carondelet Realty Co., terms and conditions cash—subject to good and valid title being had to property adjoining of Carondelet Realty Co.—Taxes of 1915 I assume.

It is understood and agreed that this offer will hold good until 2-13-1915. If above offer is accepted, I obligate myself to deposit with Ramsey & Danziger 10 per cent of amount offered to bind the sale. In case I fail to comply with above offer if accepted I agree to pay Ramsey & Danziger a commission of 3%. In case I do comply with this offer, the vendor is to pay the commission of 3%. Act of sale before E. L. Weil, Notary Public, at purchaser's expense.

(Signed)                           "N. O. NELSON.

"Accepted; deposit to be made with P. J. Veith. Com. divided with Phil J. Veith.
"Feby. 13/15.
(Signed)                           "PH. G. VEITH."

The deposit of $90 was made by Nelson in the hands of Ramsey & Danziger. They turned it over to Philip G. Veith under the following receipt:

"New Orleans, La., Febry. 17, 1915.

"Received from Ramsey & Danziger check for $90 Ninety dollars, being amount of deposit a/c lot Saratoga street. If title is not valid I agree to the return of this amount.
(Signed)                 "PHILIP G. VEITH, Agt."

There was judgment for defendants dismissing plaintiff's demand against Ramsey & Danziger as in case of non-suit and rejecting it as against Veith.

Plaintiff has appealed.

The evidence establishes that Ramsey & Danziger had previously sold to the plaintiff an adjoining lot, and that they were employed to buy for him the lot mentioned in this suit; that they addressed themselves to John Joyce; Joyce referred them to Philip G. Veith, the defendant in

this case, as representative of the owners; that Veith told them, at the time he called at their office, that he had written authority from the heirs of Joyce to sign the acceptance of sale, which he afterwards produced; that Ramsey knew that the heirs of Joyce owned the property; that Nelson employed E. L. Weil, attorney at law, to examine the title; that Veith handed to Weil a copy of a judgment of Court in the Succession of Widow Michael Joyce; that Weil registered the judgment, and took out conveyance and mortgage certificates in the names of the widow and heirs of Michael Joyce; that the conveyance certificate disclosed seven tax sales of this property to the State and City and others; that Veith knew of these sales at the time he signed the offer to buy, and that he took steps to redeem the property from the tax sales to the State, and to compromise with the other purchasers at tax sales; that pending these attempts this suit was filed which put an end to them; that Nelson wrote letters repeatedly to Ramsey & Danziger for the completion of the sale or the return of the deposit, and Ramsey wrote the same to Veith.

We conclude, 1, that inasmuch as plaintiff demands the return of his deposit and Ramsey & Danziger tender it, that plaintiff is entitled to a judgment for it; 2, that inasmuch as Ramsey & Danziger knew that Philip G. Veith was acting as the agent of the Joyce heirs, their knowledge, as agents, was the knowledge of Nelson, principal, and therefore Nelson has no cause of action against Veith for any of the causes set forth in the petition herein. *C. C.* 3013 (2982) 2 *A.*, 316; 14 *A.*, 711; 49 *A.*, 12; 38 *A.*, 424; 1 *Am. & Eng. Enc. Law, p.* 1144.

Nelson has no claim against Ramsey & Danziger for any of the damages mentioned in his petition; if due by any one, they are due by the heirs of Joyce alone.

102

The only question remaining is one of costs as to Ramsey & Danziger. In *Lambert v. Insurance Co.,* 50 A., 1027 (1037) the Court said:

> "We believe it a just principle to announce that an innocent stakeholder, without interest in a pending litigation, depositing in Court the full amount which is the object of dispute between contesting claimants, the rightfulness of whose claims is the subject of the litigation, should be relieved of future liability, and not held for interest and costs subsequently accruing."

It is therefore ordered that the judgment dismissing the demand of plaintiff against Ramsey & Danziger and the individual members thereof be reversed, and it is now ordered that there be judgment in favor of the plaintiff Nelson O. Nelson and against Cicero A. Ramsey and George Danziger decreeing the said Nelson O. Nelson entitled to take the sum of Ninety dollars deposited by the said Ramsey & Danziger in the registry of the Court, and condemning the said Cicero A. Ramsey and George Danziger *in solido* to pay all the costs of this suit up to and including the date of their deposit.

It is further ordered that the judgment in favor of Philip G. Veith rejecting plaintiff's demand against him be affirmed, reserving plaintiff's rights, if any, against the heirs of widow Michael Joyce.

It is further ordered that plaintiff pay all costs of this suit from and after the date of the deposit made by Ramsey & Danziger.

Opinion and decree, December 4th, 1916.

Rehearing refused, January 9th, 1917.